## FREDERICK COLLINS *et al.*

### *v.*

## JOHN C. FISHER.

1. EVIDENCE—*in a suit for malicious prosecution.* In an action for malicious prosecution, where the alleged wrongful prosecution consisted in the commencement of a civil suit by the prosecutors against several persons, members of a labor "union," to recover damages for enticing away the apprentices of the prosecutors, and procuring the arrest and holding to bail of the defendants in such suit, it is competent for the defendants in the action for malicious prosecution, to inquire of witnesses whether there was opposition and antagonism between such "union" and the establishment of the prosecutors, as going to show the motive which prompted the wrongful conduct of the members of the "union."

2. And where the suit alleged to have been maliciously instituted, was dismissed by the plaintiffs therein, without being brought to a trial, it is error to refuse such plaintiffs, being defendants in the suit for malicious prosecution, the opportunity to show why they dismissed their suit, as their reasons for dismissing might have shown there was no malice in commencing it, while by rejecting such proof, the jury might infer the dismissal was by reason of the suit being unjustly brought.

APPEAL from the Circuit Court of Adams county; the Hon. JOSEPH SIBLEY, Judge, presiding.

The opinion states the case.

Messrs. SKINNER & MARSH, Mr. N. BUSHNELL and Messrs. WHEAT & MARCY, for the appellants.

Mr. JACKSON GRIMSHAW and Messrs. WARREN & WHEAT, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This case does not differ in any important particular from from the case of *Collins et al. v. Hayte, ante,* and the views there expressed are applicable to this case.

The participation of appellee in the design to injure, if not destroy, appellant's establishment, is conclusively proved by more than one witness. He was present at one or more meetings of the employees of the appellants, which were secret meetings, and held for the purpose of "a strike," and to force appellants to relinquish their design to employ an additional number of apprentices. He also furnished several of the employees with money during the strike, and gave one of them five dollars and told him not to go to work, and if he wanted money he could get it. He was also about appellants' shop with Wood, Hayte and others, offering the men money and trying to get them away ; in short, he was one of the active spirits engaged in an unlawful purpose, and though, perhaps, precedence should be accorded Wood and Hayte, the appellee will not fall far behind either of them in his efforts.

But there is another reason, to which we did not advert in the first opinion in Hayte's case.

Comstock, one of the defendants, was sworn as a witness, and when on the stand this question was put to him : " State whether opposition and antagonism has existed between your shop and the moulders' union ?"

The plaintiff's counsel objected to this question, and it was ruled out. The same witness was also asked, why the suit he and the others had brought against this plaintiff, Wood and the others, was dismissed ? This question, on plaintiff's objection, was also ruled out.

We think an error was committed in both these rulings.

The fact sought to be established by the first question, was of great importance to the defendants, as showing a motive for the conduct of the plaintiff. If there be rival establishments of this or of any other kind, conducted on wholly different principles, in which the interests of labor are supposed to be involved, all experience informs us that no means are left untried by the one or the other, to cripple or destroy the rival. It was, then, important to defendants to show, not

only rivalry, but antagonism, as was proposed by the question ruled out.

The other question affects the question of malice, and in that connection the measure of damages. Such reasons for dismissing the suit might have been given, as would have in a manner disrobed the case of all pretence of malice, whereas, by its rejection, the jury were left to infer it was dismissed for the reason that it had been unjustly brought, or to any other influence the fertile minds of the jury might suggest, prejudicial to the defendants.

But, upon the whole record, we are not satisfied the evidence admitted sustains the verdict, and the probable testimony in favor of the defendants, which might have been elicited by the questions ruled out, would have presented a still stronger case for the defendants.

In such an action as the defendants brought against the plaintiff, it would be impossible almost, or at least very difficult, to produce positive testimony of overt acts by the defendants. Circumstances alone, for the most part, would have to be relied upon, and as we said in Hayte's case, when first before us, a reasonable latitude should be allowed in the examination of witnesses. We think the testimony, in this record, establishes a combination by this plaintiff with others, members of the moulders' union, to break up the establishment of the defendants. That the moulders' union, Hayte, Wood and Fisher, particularly, were active in all measures tending to that end, and what any one of them said or did in furtherance of such design, is evidence against the other parties to the combination.

We cheerfully admit the right of these persons to establish this union, but while so doing, and while acting as members of it, they have no right, individually or collectively, to interfere with business of others, whose principles of doing such business are not to their liking. Such interference, if established, as we think it is, by the testimony in the record, cannot, surely, entitle the parties implicated to damages

against the other party for attempting, by law, to punish such interference.

We have said the verdict is against the evidence, and for that and the other reasons given, the judgment must be reversed and a new trial had, in conformity with this opinion.

*Judgment reversed.*